IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GLORIA TILLERY,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:24-cv-02257-JMC |
| **BLADES OF GREEN, INC., et al.** | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Gloria Tillery, filed the present lawsuit against Defendants, Blades of Green, Inc. ("Blades of Green"), Michael C. Mundey, and David Chambers, on August 2, 2024, asserting a claim for negligence against all three defendants. (ECF No. 1). Presently before the Court is Defendant Mundey's Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF No. 30). The Court has considered Plaintiff's Opposition, (ECF No. 36), and Mundey has not filed a Reply brief. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Mundey's Motion will be **DENIED**.

I. **BACKGROUND**[2]

This case arises out of a car accident that occurred on November 21, 2021 on the Leesburg Turnpike in Alexandria, Virginia. (ECF No. 1 at 2). At the time of the accident Plaintiff was sitting in her vehicle, at a complete stop, due to construction-related traffic. *Id.* Chambers and Mundey, who are alleged to be employees, servants, and/or agents of Blades of Green, were separately

---

[1] ECF No. 30 is Renewed Motion to Dismiss. Mundey's first Motion to Dismiss was denied without prejudice because it was filed before the parties consented to the undersigned's jurisdiction, as required by Standing Order 2019-07. (ECF Nos. 17, 18).

[2] When deciding a Motion to Dismiss, the Court accepts all well-pleaded facts in the Complaint as true. *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

operating two trucks behind Plaintiff's vehicle. *Id.* at 2-3. The truck driven by Mundey was directly behind Plaintiff's, and the truck driven by Chambers was behind Mundey's. *Id.* The truck operated by Chambers "suddenly and without warning" struck the truck operated by Mundey. *Id.* at 3. As a result of the impact, the truck operated by Mundey "was forced into the rear of Plaintiff's vehicle." *Id.* Plaintiff asserts that both Mundey and Chambers were acting within the scope of their employment for Blades of Green at the time of the accident. *Id.*

Plaintiff alleges that the collision was proximately caused by Chambers and Mundey, and that they breached their duties of care in a number of ways, including "failure to keep a proper distance from another motorist by following too closely[,]" "failing to maintain control of [their] vehicle[s]," and "failing to keep a proper lookout[.]" *Id.* at 3-4. Plaintiff alleges that as a result of the accident, she "was severely injured and suffered personal injuries to her neck, back and knees." *Id.* at 3. Plaintiff filed the instant suit on August 2, 2024, seeking damages in the amount of $1,000,000.00 for pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, permanent physical impairment, disfigurement, past and future lost wages, and past and future medical expenses. *Id.* at 4-5.

## II.   LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action."

*Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

### III.   ANALYSIS

The parties agree, as does the Court, that substantive Virginia law controls in this diversity case. "A federal court sitting in diversity must apply the choice-of-law rules from the forum state." *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). When determining which jurisdiction's tort law governs in a particular matter, Maryland courts apply the *lex locti delicti* principle, which provides that "the substantive rights of the parties…are to be determined by the law of the state in which the alleged tort took place." *Marcus v. Tucker*, No. DKC 23-892, 2024 WL 2728513, at *2 (D. Md. May 28, 2024) (quoting *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 745 (2000)). As such, because Plaintiff alleges the auto accident occurred in Virginia, the Court will analyze Plaintiff's claims under Virginia tort law. *See Lampe v. Kim*, 105 F. App'x 466, 468-69 (4th Cir. 2004) (explaining that under Maryland's choice of law rules, substantive Virginia law applied in analyzing tort claim based on motor vehicle accident alleged to have occurred in Virginia).

Under Virginia law, "[t]he elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Al-Saray v. Furr*, No. 230488, 2025 WL 208723, at *3 (Va. Sup. Ct. Jan. 16, 2025) (quoting *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218 (2006)). Mundey contends that Plaintiff pleads a single factual allegation against Mundey: that Chambers rear-ended Mundey, forcing Mundey's vehicle into the rear of Plaintiff's car. (ECF No. 30-1 at 4). Mundey argues that this "one factual allegation relating to the acts of Mundey fails to identify a breach of any duty Mundey owed Plaintiff." *Id.* Plaintiff counters that she has adequately pled duty and breach for the purposes of surviving a 12(b)(6) motion to dismiss. The Court agrees.

As Plaintiff correctly identifies, Virginia recognizes a broad, "general duty not to injure others [that] arises whenever [a] defendant's conduct creates a risk of harm to others." *Quisenberry v. Huntington Ingalls Inc.*, 296 Va. 233, 242 (2018) (quoting Charles E. Friend, Personal Injury Law in Virginia § 1.1.1., at 2 (3rd ed. 2003)). The "broad common law maxim" *sic utere tuo ut alienum non laedas* applied by Virginia Courts in negligence cases requires that "one must so use his own rights as not to infringe upon the rights of another." *Id.* (quoting *RGR, LLC v. Settle*, 288 Va. 260, 275-76 (2014) (citation omitted)). Specifically, "every person [must] exercise ordinary care in the use and maintenance of his own property to prevent injury to others." *Id.* (quoting *Perlin v. Chappell*, 198 Va. 861, 864 (1957) (citations omitted)). This general duty is owed "to those within reach of a defendant's conduct." *Id.* (quoting *RGR*, 288 Va. at 276).

Plaintiff contends in her complaint that Mundey was operating a motor vehicle directly behind her on the day of the accident. (ECF No. 1 at 2). Given the broad and general duty recognized by Virginia's courts, this adequately establishes that Mundey had a duty to "exercise

4

ordinary care in the use and maintenance" of the vehicle to prevent injury to others around him, including Plaintiff. *Quisenberry*, 296 Va. at 242 (quoting *Perlin*, 198 Va. at 864). Further, although Mundey argues that Plaintiff pleads no specific facts suggesting a breach of duty, Mundey overlooks Plaintiff's allegations that he breached his duty of care by "failing to keep a proper distance" and "failing to keep a proper lookout[.]" (ECF No. 1 at 3-4). The Court therefore finds that Plaintiff has pled sufficient facts to support the existence of (1) a duty owed by Mundey to Plaintiff; and (2) a breach of that duty. Accordingly, Mundey's Motion to Dismiss is DENIED.

## IV.    CONCLUSION

For the reasons stated above, Mundey's 12(b)(6) Renewed Motion to Dismiss (ECF No. 30) is hereby **DENIED**.

Date: <u>January 29, 2025</u>                              <u>         /s/                    </u>
                                                            J. Mark Coulson
                                                            United States Magistrate Judge